UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

McKINLEY MUSHATT,

    Petitioner,                                    Case No. 16-10595

v.

                                                  HON. AVERN COHN

SHERMAN CAMPBELL,

    Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT UNDER 28 U.S.C. § 2244(b)(3)(A)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner McKinley Mushatt, is a state prisoner proceeding pro se. He challenges his conviction and sentence for possession with intent to deliver 50 or more but less than 450 grams of cocaine, M.C.L.A. 333.7401(2)(a)(iii); maintaining a drug house, M.C.L.A. 333.7405(1)(d); and being a second felony habitual offender, M.C.L.A. 769.10. As will be explained, the petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3). As such, the case will be transferred to the Court of Appeals for the Sixth Circuit where Petitioner may seek permission to file the petition.

II.

The instant petition is Petitioner's third attempt at habeas relief. First, in 2011, Petitioner filed a petition for a writ of habeas corpus challenging these convictions. The petition was denied on the merits. See Mushatt v. McQuiggin, No. 2:10-cv-11972 (E.D. Mich. Aug. 10, 2011).

Then, in 2014, Petitioner filed a second habeas petition. The Court transferred the petition to the Sixth Circuit for authorization to file a second or successive habeas petition. See Mushatt v. Larson, 5:14-cv-12124 (E.D. Mich. June 13, 2014). The Sixth Circuit denied petitioner permission to file a successive habeas petition. In Re Mushatt, No. 14-1752 (6th Cir. Nov. 14, 2014).

In 2016, Petitioner filed the instant petition.

### III.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Where, as here, a petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); In re Sims, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3)

authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

IV.

The Clerk shall TRANSFER this case to the Sixth Circuit under 28 U.S.C. § 1631

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 4, 2016
      Detroit, Michigan